UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X
SECKIN MEDICAL PLLC as authorized
representative of N.C.P.,

                                                                         Civil Action No. 21-cv-10918

                           *Plaintiffs*,

      - against –                                                       **COMPLAINT**

AETNA, INC., AETNA HEALTH, INC.,
and AETNA LIFE INSURANCE COMPANY,

                           *Defendants*.
-------------------------------------------------------------------X

      Plaintiff, SECKIN MEDICAL PLLC ("Plaintiff" or "SMP"), as authorized representative of its patient N.C.P. ("Patient"), by and through its attorneys, Stein Adler Dabah & Zelkowitz LLP and Drachman Katz LLP, as and for its Complaint against defendants, AETNA, INC., AETNA HEALTH, INC., and AETNA LIFE INSURANCE COMPANY (collectively, "Defendants" or "Aetna") states as follows:

## NATURE OF ACTION

      1.     This is an action arising under the laws of the United States, specifically the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1001, et seq., for Defendant's wrongful denial/underpayment of Patient's health insurance benefits.

## PARTIES

      2.     SMP is a New York professional corporation with its principal place of business located at 872 Fifth Avenue, New York, New York 10065.

      3.     At all material times, SMP was and is an internationally recognized specialty medical practice dedicated to the treatment of endometriosis and comprised of highly trained and

experienced surgeons and other related healthcare practitioners.  SMP exclusively practices minimally invasive, deep excision laparoscopic surgery.  SMP is particularly renowned for its expertise in deep infiltrating endometriosis of the pelvis, which is known to cause rectal disease, sciatic and pudendal neuropathy, and sigmoid, ureter, and bowel obstruction.  SMP's doctors perform complex, critical, life-altering surgeries, and are often referred by other doctors.

4. SMP is spearheaded by Dr. Tamer Seckin, an internationally-renowned excision surgeon with over 35 years of experience in the field and over 30 years of exclusive experience in laparoscopy.  Dr. Seckin is one of a very limited number of accredited gynecologic surgeons in the United States who has advanced training for the deep excision of endometriosis.

5. Dr. Karli Goldstein, another surgeon with SMP, is a board-certified minimally invasive gynecologic surgeon and member of Dr. Seckin's immediate surgical team.

6. Patient executed an ERISA Authorized Representative Form and Limited Power of Attorney that appoints SMP as her authorized representative with power, among other things, to file medical claims, appeals and grievances with the health care plan, and to institute litigation against her health care plan.

7. Aetna Inc. is duly-authorized to transact business in New York, with its corporate headquarters and principal place of business located at 151 Farmington Avenue, Hartford, CT 06156.

8. Aetna Health, Inc. is duly-authorized to transact business in New York, with its corporate headquarters and principal place of business located at 151 Farmington Avenue, Hartford, CT 06156.

9. Aetna Life Insurance Company is a corporation duly authorized to transact business in New York, with its corporate headquarters and principal place of business located at 151 Farmington Avenue, Hartford, CT 06156.

10. Aetna, Inc., Aetna Health, Inc., and Aetna Life Insurance Company (or, collectively herein, "Aetna") underwrite and/or administer certain commercial health plans through which healthcare expenses incurred by Plan insureds for services and/or products covered by the Plans are reimbursed by and/or through Aetna, subject to each Plan's terms and conditions

11. Upon information and belief, Aetna is primarily engaged in the business of providing and/or administering health care plans or policies in the state of New York.

## JURISDICTION AND VENUE

12. Jurisdiction is proper in this Court pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 1132(e). The insurance policy at issue was provided to the employer of Patient's husband and is governed by ERISA, 29 U.S.C § 1001 et seq.

13. The Court has jurisdiction over the subject matter of this action based upon 29 U.S.C. § 1132(e)(1), which provides that the district courts of the United States have jurisdiction over civil actions brought under Section 1132.

14. Venue is appropriate in this District pursuant to 28 U.S.C. § 1132(e)(2), provides that "[w]here an action under this subchapter is brought in a district court of the United States, it may be brought in the district where the plan is administered, where the breach took place, or where a defendant resides or may be found," and further provides for nationwide service of process.

15. ERISA § 502(e)(2), 29 U.S.C. § 1132(e)(2), provides for nationwide service of process. Upon information and belief, Defendant is a resident of the United States and subject to service in the United States, and this Court therefore has personal jurisdiction over it.

16. All conditions precedent to the institution of this action, *i.e.*, administrative appeals have occurred, been performed, and have been exhausted.

17. Venue is proper in this district pursuant to 28 U.S.C. § 1391(b)(2) in that this is the district in which a substantial amount of the events complained of herein occurred. Moreover, Defendants are authorized to do business in the State of New York, advertise and promote their services in the State of New York, and were present and engaged in significant activities in the State of New York to sustain this Court's exercise of *in personam* jurisdiction.

## FACTUAL ALLEGATIONS

18. At all material times, Patient received health insurance coverage by way of an ERISA-governed employee welfare benefit plan (the "Plan").

19. Patient had long suffered from endometriosis, experiencing symptoms including severe pain during menstruation which were serious and impaired her ability to function.

20. Patient underwent endoscopic procedures, involving two cystoscopies and laparoscopy, in both 2014 and 2017, which provided temporary relief. However, her symptoms returned with a vengeance, causing even *more* pain during menstruation, as well as dyspareunia, painful bowel movements, radiating to her right leg.

21. Upon Patient's endometriosis deeply infiltrated through the full-thickness of Patient's bladder, the anterior, lateral and left para rectum, as well as left endometrioma.

22. Patient's symptoms were unable to be medically managed without surgery.

23. To that end, on December 12, 2019, Patient underwent surgery at Lenox Hill Hospital for removal of deeply infiltrating endometriosis through laparoscopic surgery and excision, the procedure resulted in the removal of ten (10) specimens of endometriosis from Patient.

24. Dr. Tamer Seckin performed the surgery and was assisted by Dr. Karli Goldstein.

25. The surgery was successful and Plaintiff provided reasonable, medically necessary services to Patient.

26. Subsequently, a Health Insurance Claim Form was submitted to Defendants or their agent for an amount totaling $219,856.82 for the treatment and medically necessary services discussed above.

27. Defendants, however, remitted only $1,340.90 for the above-referenced treatment.

28. Critically, Defendants drastically underpaid the medical providers at SMP by either (a) not remitting any payment for certain CPT codes; (b) erroneously determining that laparoscopic removal of Patient's deeply infiltrating endometriosis, resulting in excruciating and severe pain, was medically necessary; and (c) failing to account for the documented severity of the endometriosis disease in this instance and the degree to which multiple organs were affected, and thus presented different symptoms depending on where the endometriosis has implanted itself.

29. Despite numerous and thorough appeals, Defendants have failed to remit the correct amount due, largely without reasonable explanation or justification as to the basis for denial.

30. Defendants underpaid their reimbursement of all services and accordingly, Plaintiff brings this action for the recovery of the balance of benefits due to Patient under the Plan, in the amount no less than $218,515.92 for the treatment rendered to her by Plaintiff.

## AS AND FOR A FIRST CAUSE OF ACTION
*(Recovery of Benefits Under 29 U.S.C. § 1132(a)(1)(B))*

31. Plaintiff repeats and realleges the allegations in the foregoing paragraphs, as if fully set forth herein.

32. ERISA § 502(a)(1), codified at 29 U.S.C. § 1132(a)(1)(B), provides a cause of action for a beneficiary or participant seeking benefits due payment under the terms of an ERISA governed plan.

33. Defendants improperly denied benefits due to Patient under the terms of the Plan.

34. Critically, Defendants drastically underpaid the medical providers of SMP (a) not remitting any payment for certain CPT codes; (b) erroneously determining that laparoscopic removal of Patient's deeply infiltrating endometriosis, resulting in excruciating and severe pain, was medically necessary; and (c) failing to account for the documented severity of the endometriosis disease in this instance and the degree to which multiple organs were affected.

35. As a result of Defendants' breach, Plaintiff is entitled to damages, including but not limited to, costs, expenses, and attorneys' fees.

**AS AND FOR A SECOND CAUSE OF ACTION**
*(Breach of Fiduciary Duty and Co-Fiduciary Duty Under 29 U.S.C. § 1132(a)(3), Under 29 U.S.C. § 1104(a)(1) and 29 U.S.C. § 1105(a))*

36. Plaintiff repeats and realleges the allegations in the foregoing paragraphs, as if fully set forth herein.

37. 29 U.S.C. § 1132(a)(3)(B) provides a cause of action by a participant, beneficiary, or fiduciary to obtain other appropriate equitable relief (i) to redress such violations or (ii) to enforce any provisions of this subchapter or the terms of the plan.

38. Plaintiff seeks redress for Defendants' breach of fiduciary duty and/or Defendants' breach of co-fiduciary duty under 29 U.S.C. § 1132(a)(3), 29 U.S.C. § 1104(a)(1) and 29 U.S.C. § 1105 (a).

39. 29 U.S.C. § 1104(a)(1) imposes a "prudent man standard of care" on fiduciaries.

40. Specifically, a fiduciary shall discharge its duties with respect to a plan solely in the interest of the participants and beneficiaries and (A) for the exclusive purpose of: (i) providing benefits to participants and their beneficiaries; and (ii) defraying reasonable expenses of administering the plan; (B) with the care, skill, prudence, and diligence under the circumstances then prevailing that a prudent man acting in a like capacity and familiar with such matters would

use in the conduct of an enterprise of a like character and with like aims; (C) by diversifying the investments of the plan so as to minimize the risk of large losses, unless under the circumstances it is clearly prudent not to do so; and (D) in accordance with the documents and instruments governing the plan insofar as such documents and instruments are consistent with the provisions of this subchapter and subchapter III of this chapter. *See* 29 U.S.C. § 1104(a)(1).

41. 29 U.S.C. § 1105(a) imposes liability for breaches of co-fiduciaries.

42. Specifically, a fiduciary with respect to a plan shall be liable for a breach of fiduciary responsibility of another fiduciary with respect to the same plan in the following circumstances: (1) if he participates knowingly in, or knowingly undertakes to conceal, an act or omission of such other fiduciary, knowing such act or omission is a breach; (2) if, by his failure to comply with section 1104(a)(1) ["prudent man standard of care"] of this title in the administration of his specific responsibilities which give rise to his status as a fiduciary, he has enabled such other fiduciary to commit a breach; or (3) if he has knowledge of a breach by such other fiduciary, unless he makes reasonable efforts under the circumstances to remedy the breach. *See* 29 U.S.C. § 1105(a).

43. Here, when Defendants acted to deny payment for the medical bills at issue herein, and when it responded to the administrative appeals initiated by Plaintiff, it was clearly acting as a "fiduciary" as that term is defined by ERISA § 1002(21)(A) because, among other reasons, Defendants acted with discretionary authority or control to deny the payment and to manage the administration of the employee benefit plan at issue as described above.

44. Here, Defendants breached their fiduciary duties by: (1) participating knowingly in, or knowingly undertaking to conceal, an act or omission of such other fiduciary, knowing such act or omission is a breach; (2) failing to make reasonable efforts under the circumstances to

remedy the breach of such other fiduciary; and (3) wrongfully withholding money belonging to Plaintiff.

## TRIAL COUNSEL DESIGNATION

Jacob E. Lewin, Esq. of Stein Adler Dabah & Zelkowitz LLP is hereby designated as Trial Counsel in the above matter.

## CLAIM FOR RELIEF

WHEREFORE, Plaintiff respectfully demands judgments against Defendants as follows:

A. On the First Cause of Action, damages including, but limited to, past-due contractual benefits as set forth in the Plan, but in no event less than $218,515.92;

B. On the Second Cause of Action, damages including, but limited to, past-due contractual benefits as set forth in the Plan, but in no event less than $218,515.92, as well as awarding Plaintiff declaratory relief providing that Defendants (a) have wrongfully denied Plaintiff's claims for benefits; (b) intentionally acted in bad faith; and (c) intentionally engaged in tactics of delay and obfuscation.

C. Costs and expenses, including attorneys' fees;

D. Interest; and

E. Such other and further relief as the Court deems just and proper.

Dated: New York, New York
December 20, 2021

STEIN ADLER
DABAH & ZELKOWITZ LLP

By: _____
Jacob E. Lewin, Esq.
1633 Broadway, 46th Floor
New York, New York 10019
(212) 867-5620
jlewin@steinadlerlaw.com

DRACHMAN KATZ LLP

By: */s David Katz*
David Katz, Esq.
115-06 Myrtle Avenue
Richmond Hill, New York 11418
(718) 407-2411
dkatz@drachmankatz.com

*Attorneys for Plaintiff*